IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOUNTAIN LAUREL ASSURANCE CO.**            **PLAINTIFF**

V.            **CAUSE NO. 3:21-CV-373-CWR-LGI**

**WILLIAM H. ADANK &**            **DEFENDANTS**
**UNITED STATES OF AMERICA**

## ORDER

Before the Court is William H. Adank and the United States of America's Motion to Dismiss the claims against Adank for lack of subject matter jurisdiction. Docket No. 6.

### I. Factual and Procedural History

Plaintiff Mountain Laurel Assurance Company contracted with Danyell Y. Gordon to provide automobile insurance for his vehicle. On October 30, 2018, Defendant Adank, a civilian Naval employee, entered the intersection of Highway 39 and Mississippi 845. While doing so, Adank failed to yield to Gordon's right of way, and consequently, crashed into Gordon's vehicle. Pursuant to its insurance policy, Plaintiff paid $9,736.00 to Gordon to cover the cost of the collision damages.

Now, Plaintiff seeks to recoup its payment to Gordon.[1] Plaintiff sued both Adank in his individual capacity and the United States for $9,736.00.

On August 3, 2021, the United States and Adank filed the present motion. Plaintiff did not respond.

### II. Legal Standard

The Federal Tort Claims Act ("FTCA") allows a Plaintiff to sue the United States government to recover money damages for harm resultant from negligent or wrongful conduct

---

[1] Under the terms of the policy, Plaintiff may step into the shoes of its insured, Gordon.

committed by an employee of the United States acting within the scope of his employment. 28 U.S.C. § 1346(b)(1). This remedy is exclusive. *Id.* § 2679. Further, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the court shall dismiss the action against the named individual defendant, and suit shall proceed solely against the United States. 28 U.S.C. § 2679(d)(1).

### III.  Discussion

The above language of the FTCA precludes Plaintiff's suit against Defendant Adank. The United States submitted a signed Certification to this Court acknowledging that "Adank was acting within the scope of federal office or employment at the time of the incident out of which the plaintiff's claims arose." Docket No. 6-1 at 2. Thus, in accordance with 28 U.S.C. § 2679(d)(1), Defendants' motion to dismiss the claims against Adank must be granted.[2]

### IV.  Conclusion

The Defendants' motion is granted. The stay of discovery is hereby lifted. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a Telephonic Case Management Conference.

**SO ORDERED**, this the 27th day of August, 2021.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[2] Before filing this action, Plaintiff had to file an administrative claim.  28 U.S.C. § 2675.  Plaintiff claims that it did so, and that the agency never responded.  Docket No. 1, at 3.  Now, to obtain relief the Plaintiff is forced to rev up the engine of the judicial system, requiring the United States Attorney's Office and this Court – including the clerk's office, the Chambers of both Magistrate Judge and this Court – to get involved in adjudicating a $9,736.00 claim.  Why this matter got beyond the administrative claim stage is mystifying.